```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RICHARD FIORE,

                        Plaintiff,

        -against-

RALPH RIVERA, Shield No. 1121,                  MEMORANDUM & ORDER
individually and as a detective of the          14-CV-3570(JS)(GRB)
Suffolk County, N.Y. Police Department;
RICHARD MILEWSKI, individually; MARIA
E. VACCARI, individually; LOUIS
LOIODICE, individually; and COUNTY
OF SUFFOLK, N.Y.,

                        Defendants.
----------------------------------------X
```

APPEARANCES
For Plaintiff:         Arthur V. Graseck, Jr., Esq.
                       99 Meredith Lane
                       Oakdale, NY 11769

For Defendants
The County
Defendants:            Jessica M. Spencer, Esq.
                       Suffolk County Attorney's Office
                       H. Lee Dennison Building
                       100 Veterans Memorial Highway
                       P.O. Box 6100
                       Hauppauge, NY 11788

Milewski:              James M. Murphy, Esq.
                       Montfort, Healy, McGuire & Salley
                       840 Franklin Avenue
                       Garden City, NY 11530

Vaccari &
Loiodice:              Edward Griffin Warren, Esq.
                       Voute Lohrfink Magro & McAnddrew, LLP
                       170 Hamilton Avenue
                       White Plains, NY 10601

SEYBERT, District Judge:

Plaintiff Richard Fiore ("Plaintiff") commenced this action on June 6, 2014 pursuant to 42 U.S.C. § 1983 against defendants Ralph Rivera ("Detective Rivera"), Suffolk County (the "County," and together with Detective Rivera, the "County Defendants"), Richard Milewski ("Milewski"), Maria E. Vaccari ("Vaccari"), and Louis Loiodice ("Loiodice," and together with Milewksi and Vaccari, the "Non-County Defendants"), asserting claims of false arrest and malicious prosecution in violation of the Fourth Amendment of the United States Constitution, as well as malicious prosecution under New York state law. The Non-County Defendants move to dismiss the claims against them for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Docket Entries 8, 9.) For the following reasons, the Non-County Defendants' motions to dismiss are GRANTED, and the claims against them are DISMISSED WITHOUT PREJUDICE. Additionally, although the County Defendants have not moved to dismiss, the claims against them are sua sponte DISMISSED WITHOUT PREJUDICE.

---

[1] Vaccari and Loiodice jointly move to dismiss, (Docket Entry 9), and Milewksi separately moves, (Docket Entry 8).

2

## BACKGROUND[2]

This action arises out of Plaintiff's arrest on a charge of grand larceny on October 12, 2011. The Complaint is disjointed, scant, and extremely vague. However, the gist of Plaintiff's claim is that Detective Rivera, a detective in the Suffolk County Police Department, wrongfully arrested Plaintiff based on false statements the Non-County Defendants made regarding a dispute between Plaintiff and the Non-County Defendants over repairs Plaintiff agreed to perform on Vaccari's vehicle following an accident. (Compl. ¶ 8.) Vaccari and Loiodice are a married couple; Vaccari owned the vehicle. (Compl. ¶ 5.) Milewski was the insurance adjuster. (Compl. ¶ 5.)

The Complaint does not precisely explain what the dispute was about or how it precipitated. It only alleges that the Non-County Defendants had "a dispute . . . with [Plaintiff] over the value of services he performed." (Compl. ¶ 17.) The Complaint further alleges that at some unspecified point in time, the Non-County Defendants made the following false statements to Detective Rivera, which ultimately resulted in his arrest. Vaccari allegedly told Detective Rivera, "'I have made numerous attempts to get the money back but [Plaintiff] has made no effort to return

---

[2] The following facts are drawn from the Complaint and they are presumed to be true for the purposes of this Memorandum and Order.

it.'" (Compl. ¶ 9.) Milewski allegedly stated, "'no work had been done on the car.'" (Compl. ¶ 10.) And Loiodice allegedly stated that "all attempts to get money from [P]laintiff 'proved fruitless.'" (Compl. ¶ 11.)

Plaintiff alleges that Detective Rivera knew that the Non-County Defendants' accusations were false but arrested him for grand larceny anyway. (Compl. ¶ 12.) A grand jury later indicted Plaintiff on the grand larceny charge, as well as on a charge of falsifying business records. (Compl. ¶ 13.) However, Plaintiff claims that the grand jury proceeding "was marred by perjury including . . . Milewski's false statement that 'Even if [the vehicle] needs additional monies down the road, it's still not going to total the vehicle, it's not even close.'" (Compl. ¶ 13.) In June 2013, Plaintiff went to trial in New York State Supreme Court and was acquitted of all charges. (Compl. ¶ 16.)

At some point thereafter, Vaccari and Loiodice filed a complaint against Plaintiff with the New York State Department of Motor Vehicles (the "DMV"). (See Warren Decl., Docket Entry 10, Ex. C.) On September 20, 2013, a DMV hearing was held before Administrative Law Judge Chester J. Weinstein ("ALJ Weinstein"). (See Warren Decl. Ex. C.) On September 30, 2013, ALJ Weinstein issued a "Finding Sheet" (the "DMV Decision"), finding, inter alia, that Plaintiff "committed a fraudulent or deceptive practice by accepting compensation for automotive repairs to [Vaccari's

4

vehicle] and thereafter not performing those services and refusing to refund said monies." (Warren Decl. Ex. C. at 3.)[3] ALJ Weinstein imposed civil monetary penalties and revoked Plaintiff's repair shop license, but also held that the penalties would be reduced and the license revocation suspended if Plaintiff paid $9,990.99 to Vaccari and Loiodice. (Warren Decl. Ex. C at 4.)

Plaintiff then commenced this action pursuant to 42 U.S.C. § 1983, asserting claims of false arrest and malicious prosecution in violation of the Fourth Amendment against Defendants, as well as claims of malicious prosecution under New York state law against the Non-County Defendants only. The County Defendants answered the Complaint on September 12, 2014. (Docket Entry 5.) On October 16, 2014, Milewski filed a motion to dismiss the claims against him for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 8.) The same day, Vaccari and Loiodice jointly filed their own motion to

---

[3] Even though the DMV Decision was not attached to or referenced in the Complaint, the Court may take judicial notice of it on a motion to dismiss "to the extent that [it] establish[es] that such decision[ ] [was] rendered, though not to establish the truth of any matter asserted in the decision[ ]." Elliott v. Nestle Waters N. Am. Inc., No. 13-CV-6331, 2014 WL 1795297, at *8 (S.D.N.Y. May 6, 2014); accord Volpe v. Nassau Cnty., 915 F. Supp. 2d 284, 291 (E.D.N.Y. 2013) ("[T]he Court will take judicial notice of the two exhibits put forth by defendants simply to establish the fact of such litigation and related filings and/or to ascertain the legal nature of the claims brought in those actions, but not to support any factual determination in this subsequent litigation." (brackets, internal quotation marks, and citation omitted)).

5

dismiss the claims against them for failure to state a claim. (Docket Entry 9.) These motions are fully briefed and currently pending before the Court.

DISCUSSION

I. Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

The Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). However, this

6

has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

II. Section 1983 Claims

Plaintiff asserts claims of false arrest and malicious prosecution in violation of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983. The Non-County Defendants argue that Plaintiff's Section 1983 claims should be dismissed because: (1) the Complaint fails to allege that the Non-County Defendants were acting under color of state law, (Milewski Br., Docket Entry 8-3, at 5-8; Vaccari & Loiodice Br., Docket Entry 13, at 5); and (2) Plaintiff is collaterally estopped from asserting that there was no probable cause for his arrest and prosecution, a required element of both false arrest and malicious prosecution claims, (Milewski Br. at 8-10; Vaccari & Loiodice Br. at 6-9). As discussed below, although the Court finds that Plaintiff is not collaterally estopped from asserting a lack of probable cause, Plaintiff's Section 1983 claims against the Non-County Defendants still must be dismissed because the Complaint fails to plausibly allege: (1) state action on the part of the Non-County Defendants,

and (2) a lack of probable cause for Plaintiff's arrest and prosecution.

A. State Action

The Non-County Defendants first argue that the Section 1983 claims against them must be dismissed because the Complaint fails to allege that they were acting under color of state law. (Milewski Br. at 5-8; Vaccari & Loiodice Br. at 5.) The Court agrees.

Section 1983 permits an individual to seek damages against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects [the individual] . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C § 1983. "To state a claim under § 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Under Section 1983, "constitutional torts are only actionable against state actors or private parties acting 'under the color of' state law." Betts v. Shearman, 751 F.3d 78, 84 (2d Cir. 2014) (quoting Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002)). To state a claim against a private actor,

the plaintiff "must 'allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act.'" Id. (quoting Spear v. Town of W. Hartford, 954 F.2d 63, 68 (2d Cir. 1992)). In other words, a private party acts under color of state law when the private party "'is a willful participant in joint activity with the State or its agents.'" Id. (quoting Ciambriello, 292 F.3d at 324). A private party "can only be 'a willful participant in joint activity with the State or its agents' if the two share some common goal to violate the plaintiff's rights." Id. at 85.

"'[C]onclusory allegations' or 'naked assertions' of a joint activity are not sufficient to survive a motion to dismiss." Harrison v. New York, --- F. Supp. 3d ----, 2015 WL 1413359, at *18 (E.D.N.Y. Mar. 20, 2015) (alteration in original) (quoting Stewart v. Victoria's Secret Stores, LLC, 851 F. Supp. 2d 442, 445 (E.D.N.Y. 2012)). Instead, "the 'pleadings asserting joint activity must allege specific facts tending to show agreement and concerted action.'" Id. (second set of internal quotation marks omitted) (quoting Stewart, 851 F. Supp. 2d at 445)).

Plaintiff has not alleged sufficient facts to adequately plead joint action. In the Complaint, Plaintiff alleges that the Non-County Defendants "acted jointly" with Detective Rivera "for some purpose personal to them, including the purpose of obtaining an advantage over plaintiff in connection with a dispute they had

9

with him over the value of services he performed."[4] (Compl. ¶ 17.) The only factual allegations in support of this assertion are that the Non-County Defendants made false statements to Detective Rivera and that Milewksi falsely testified during Plaintiff's grand jury proceeding. However, the fact that a private citizen has supplied false information to the police does not transform that person into a state actor. Armatas v. Maroulleti, No. 08-CV-0310, 2010 WL 4340437, at *17 (E.D.N.Y. Oct. 19, 2010) ("A private citizen who files a police report, true or false, is not acting under color of state law, and cannot be held liable for any subsequent alleged constitutional violations by the police."); Carrillos v. Inc. Vill. of Hempstead, --- F. Supp. 3d ----, 2015 WL 728244, at *6 (E.D.N.Y. Feb. 20, 2015) ("[T]he summoning of police officers or the provision of information to police officers, even if that information is false or results in the officers taking

---

[4] Contrary to the assertion in Milewski's brief (see Milewski Br. at 6), Plaintiff does not allege that the Non-County Defendants conspired with Detective Rivera to violate his constitutional rights. To be clear, a Section 1983 conspiracy claim is distinct from a joint action claim. Betts, 751 F.3d at 84 ("A Section 1983 conspiracy claim is distinct from one of joint action." (citing Ciambriello, 292 F.3d at 324-25)). To state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello, 292 F.3d at 324-25. The Complaint contains no allegations purporting to state a Section 1983 conspiracy claim, nor does Plaintiff's opposition brief contend that he is asserting such a claim.

affirmative action, is not sufficient to constitute joint action with state actors for purposes of Section 1983."). Similarly, Section 1983 "does not allow recovery of damages against a private party for testimony in a judicial proceeding."[5] Briscoe v. LaHue, 460 U.S. 325, 329, 103 S. Ct. 1108, 1112, 75 L. Ed. 2d 96 (1983). Moreover, a private actor's motivation is not relevant to the question of whether he or she acted under color of state law. Young v. Suffolk Cnty., 922 F. Supp. 2d 368, 386 (E.D.N.Y. 2013) ("[A] private party's motivation is irrelevant to the determination of whether that private party acted under color of state law."); Shapiro v. City of Glen Cove, No. 03-CV-0280, 2005

---

[5] There are two reasons for this. First, an allegation that a private individual gave false testimony in a judicial proceeding, without more, does not plausibly allege that the individual was acting under color of state law. See Briscoe, 460 U.S. at 329-30, 103 S. Ct. at 1112-13 ("It is beyond question that, when a private party gives testimony in open court in a criminal trial, that act is not performed 'under color of law.'"); Gordon v. City of New York, No. 10-CV-5148, 2012 WL 1068023, at *12 (E.D.N.Y. Mar. 29, 2012) (dismissing Section 1983 claim based on private individual's allegedly false grand jury testimony); see also Flores v. Levy, No. 07-CV-3753, 2008 WL 4394681, at *7 (E.D.N.Y. Sept. 23, 2008) ("[T]he fact that [the private actor] . . . perjured herself as a witness at . . . trial does not transform her into a state actor."). Second, a witness in a judicial proceeding is entitled to absolute immunity against claims for damages arising out of his or her testimony. See Briscoe, 460 U.S. at 334, 103 S. Ct. at 1115 ("At least with respect to private witnesses, it is clear that § 1983 did not abrogate the absolute immunity existing at common law."); see also San Filippo v. U.S. Trust Co. of N.Y., Inc., 737 F.2d 246, 254 (2d Cir. 1984) (extending Briscoe's holding to grand jury testimony); accord Gordon, 2012 WL 1068023, at *12.

11

WL 1076292, at *7 (E.D.N.Y. May 5, 2005) ("In any event, whatever motivation [a private party] may have had in calling in the complaint and alerting the media is irrelevant to the question of whether she was a state actor."). Thus, even if the Non-County Defendants provided false information to Detective Rivera or Milewski falsely testified against Plaintiff in order to "obtain an advantage" over him, as the Complaint alleges, such conduct is insufficient to constitute state action.

The Complaint's conclusory allegation that Detective Rivera knew that the Non-County Defendants' reports were false does not change the outcome. The Complaint proffers no details regarding the dispute that precipitated Plaintiff's arrest, nor does it allege any facts indicating that Detective Rivera had reason to know that the Non-County Defendants' complaints were false. Simply put, the Complaint is so lacking in factual detail that it is impossible for the Court to infer that the Non-County Defendants acted jointly with Detective Rivera for the common purpose of violating Plaintiff's constitutional rights. Accordingly, the Court finds that Plaintiff has not plausibly alleged that the Non-County Defendants acted under color of state law. Plaintiff's Section 1983 claims against the Non-County Defendants fail for this reason.

B. <u>Probable Cause</u>

The Non-County Defendants also argue that the Section 1983 claims against them should be dismissed because Plaintiff is collaterally estopped from asserting that there was no probable cause for his arrest and prosecution. (Milewski Br. at 8-10; Vaccari & Loiodice Br. at 6-9.) As discussed below, although the Court disagrees that Plaintiff is collaterally estopped from asserting a lack of probable cause, the Court also finds that the Complaint itself fails to plausibly allege a lack of probable cause.[6]

1. <u>Collateral Estoppel</u>

"Probable cause is a complete defense to any action for false arrest or malicious prosecution in New York." <u>Dickerson v. Napolitano</u>, 604 F.3d 732, 751 (2d Cir. 2010); accord <u>Corsini v. Brodsky</u>, No. 13-CV-2587, 2015 WL 3456781, at *3 (S.D.N.Y. May 27, 2015). The Non-County Defendants argue that Plaintiff's false arrest and malicious prosecution claims must be dismissed because the DMV Decision collaterally estops Plaintiff from asserting a lack of probable cause.

---

[6] "The elements of false arrest and malicious prosecution under § 1983 are substantially the same as the elements under New York law." <u>Boyd v. City of New York</u>, 336 F.3d 72, 75 (2d Cir. 2003) (internal quotation marks and citation omitted). Accordingly, the following analysis applies equally to Plaintiff's malicious prosecution claim under New York state law.

13

Under the doctrine of collateral estoppel, "'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" Leather v. Eyck, 180 F.3d 420, 424 (2d Cir. 1999) (quoting Schiro v. Farley, 510 U.S. 222, 232, 114 S. Ct. 783, 790, 127 L. Ed. 2d 47 (1994)). Under New York law, two requirements must be met before the doctrine will preclude relitigation of an issue: "'First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination.'" Khandhar v. Elfenbein, 943 F.2d 244, 247 (2d Cir. 1991) (emphasis added) (quoting Kaufman v. Eli Lilly & Co., 65 N.Y.2d 449, 455, 482 N.E.2d 63, 67, 492 N.Y.S.2d 584, 588 (1985)). "The party seeking the benefit of collateral estoppel bears the burden of proving the identity of the issues, while the party challenging its application bears the burden of showing that he or she did not have a full and fair opportunity to adjudicate the claims involving those issues." Id. (quoting Kaufman, 65 N.Y.2d at 456, 482 N.E.2d at 67, 492 N.Y.S.2d at 588).

The Non-County Defendants argue that the finding in the DMV Decision that Plaintiff accepted money to perform repairs to Vaccari's vehicle, but failed to perform those repairs,

establishes that facts existed to support a determination that probable cause existed for Plaintiff's arrest and prosecution for grand larceny. (See Vaccari and Loiodice Br. at 5; Milewski Br. at 10.) However, probable cause to arrest exists where the arresting officer "has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006) (emphasis added) (quoting Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)). In other words, "the probable cause inquiry is based upon whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest." Id. at 153 (emphasis added). In the DMV Decision, ALJ Weinstein made no determination with respect to the facts known to Officer Rivera at the time of Plaintiff's arrest or prosecution, nor was he asked to determine whether probable cause existed for Plaintiff's arrest and prosecution. Accordingly, since the issue of probable cause was not decided in the DMV Decision, Plaintiff is not collaterally estopped from asserting a lack of probable cause.[7]

---

[7] Because the Court finds that the DMV Decision itself cannot collaterally estop Plaintiff from arguing a lack of probable cause, the Court need not address whether the doctrine of collateral estoppel even applies to the DMV Decision in the first place. See Gotbetter v. Port Auth. of N.Y. & N.J., No. 98-CV-6762, 2000 WL 328044, at *5 (S.D.N.Y. Mar. 28, 2000)

15

2. Plausibility

Nonetheless, the Complaint fails to plausibly allege a lack of probable cause. In the Complaint, Plaintiff admits that he was indicted, (Compl. ¶ 13), which creates a rebuttable presumption of probable cause, see Hanniford v. City of New York, No. 12-CV-0040, 2015 WL 588766, at *1 (E.D.N.Y. Feb. 11, 2015). To rebut this presumption, Plaintiff "must allege facts that would establish 'that the indictment was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith.'" Wiggins v. Buffalo Police Dep't, 320 F. Supp. 2d 53, 58 (W.D.N.Y. 2004) (quoting Fulton v. Robinson, 289 F.3d 188, 198 (2d Cir. 2002)). In this regard, Plaintiff alleges that his grand jury proceeding "was marred by perjury including . . . Milewski's false statement that 'Even if [the vehicle] needs additional monies down the road, it's still not going to total the vehicle, it's not even close.'" (Compl. ¶ 13.) However, the Complaint contains no factual allegations plausibly suggesting that this alleged perjury produced Plaintiff's indictment. Based on a reading of the Complaint, which is scant and confusing, the Court cannot decipher how this alleged false statement even relates to Plaintiff's arrest and prosecution.

---

(explaining that "the doctrine of collateral estoppel will not be applied to an administrative decision unless the circumstances support a determination that the administrative agency was acting in a 'quasi-judicial' character").

Accordingly, Plaintiff's Section 1983 claims against the Non-County Defendants also must be dismissed because Plaintiff has failed to adequately allege a lack of probable cause.

Plaintiff's Section 1983 claims against the County Defendants fail for the exact same reason. A district court may <u>sua sponte</u> dismiss a complaint for failure to state a claim as long as the plaintiff is provided an opportunity to be heard. <u>See Sonds v. St. Barnabas Hosp. Corr. Health Servs.</u>, 151 F. Supp. 2d 303, 313 (S.D.N.Y. 2001). Here, Plaintiff has been given that opportunity, as his opposition brief specifically addresses the issue of probable cause. Accordingly, even though the County Defendants have not moved to dismiss the Complaint, the Court will dismiss the Section 1983 claims against them for failure to state a claim.

III. <u>Leave to Replead</u>

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." <u>Hayden v. Cnty. of Nassau</u>, 180 F.3d 42, 53 (2d Cir. 1999); <u>see also</u> Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "However, a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." <u>Perri v. Bloomberg</u>, No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012)

(citing Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010)). Here, based on a review of the Complaint and some of the documents that the parties have submitted in connection with the Non-County Defendants' motions to dismiss, it is possible that valid claims might be stated. Accordingly, the Court will grant Plaintiff one opportunity to cure the deficiencies of the Complaint identified in this Memorandum and Order.

## CONCLUSION

For the foregoing reasons, the Non-County Defendants' motions to dismiss (Docket Entries 8, 9) are GRANTED, and the claims against them are DISMISSED WITHOUT PREJUDICE and with leave to replead. The Complaint as against the County Defendants is sua sponte DISMISSED WITHOUT PREJUDICE and with leave to replead. If Plaintiff wishes to replead, he must file an amended complaint within thirty (30) days of this Memorandum and Order. If he fails to do so, his claims will be dismissed with prejudice.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  20 , 2015
       Central Islip, NY